**611-15** No. PD-_____

**ORIGINAL**

In The Court of Criminal Appeals of Texas From the second
Court of Appeals District Ft. Worth, Texas Court of Appeals
No. 02-13-00482-CR

Kurely James Johnson Appellant vs The State of Texas Appellee
From the 89th District Court of Wichita County, Texas
Cause No. 53,445-C
Honorable Mark T. Price

PD-___

## Identity of Parties and Counsel

Appellant: Pro Se Kurely James Johnson, 2101 FM 369 N, Iowa Park, Tx 76367
Appellee: The State of Texas, Starla Jones ADA, 900 7th St Room 351
Wichita Falls, TX 76316

FILED IN
COURT OF CRIMINAL APPEALS

JUL 22 2015

Abel Acosta, Clerk

Trial Judge: Hon. Mark T. Price, 98th Dist. Court, 900 7th St. Room 300
Wichita Falls, Tx 76312 / Ph. 940-766-8189

## Table of Contents

Identity of Parties and Counsel
Table of Contents
Table of All Authorities
Statement of the Case
Statement of Facts
Summary of the Argument
Appellants Point of Error:

~~Point 1 Appellant's conviction under the 14th Amendment U.S.C.A. Court to extend~~

~~Point 2~~ The evidence is legally insufficient to support a conviction for indecency with a child in each count of the indictment.

Prayer
Certificate of Service

## Table of Authorities

State Cases:
Brooks, 323 SW3d 893 (Tex. Crim. Crim App. 2010)
Fuentes v. State, 991 SW2d 267 (Tex. Crim. App. 1999)
Hooper v. State, 214 SW3d 9 (Tex. Crim. App. 2007)
McKenzie v. State, 617 SW2d 211 (Tex. Crim. App. 1981)
Navarro v. State, 241 SW3d 77 (Tex. App.-Houston [1st Dist] 2007)
Sandoval v. State, 216 SW3d 676 (Tex. App.-Corpus Christi 2006 pet. ref'd)
Scott v. State, 202 SW3d 405 (Tex. App. Texarkana 2006, Pet. ref'd)
Shay P. v. State, 707 SW2d 611 (Tex. Crim App. 1986)
Smith v. State, 2011 WL 3199311 (Tex. App.-Texarkana)
Turro v. State, 867 SW2d 43 (Tex. Crim. App. 1993)

Federal Cases
Jackson v. Virginia 443 US 307 (1979)

Statutes
Tex. Pen Code 21(a)(1) / Penal Tex. Pen. Code 21(c)

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 20 2015

Abel Acosta, Clerk

## Statement of the Case

Appellant Kurely J. Johnson was indicted with 3 counts of indecency with a child - sexual contact in cause no. 53445 with each incident occurring on Dec 24-11 in Wichita County (CR @ 8-10). Appellant pled not guilty to all counts of indictment (CR @ 192,195,198) But proved true to the enhancer paragraph. 3 was given life in prison on all counts of indictment. All 3 sentences stacked (CR @ 192,195,198). (III RR @ 5-6) Notice of Appeal Filed Oct 1-13 (CR @ 208)

## Statement of Facts

All 3 counts were enhanced using a Sept 4th 2001 Bail Jumping in Ozaukee County, Wisconsin, with an array of state witnesses testifying including: Hostetter, Casillas, Stahr who are deputies, officers and detectives of Wichita Burkburnett. May was a forensic interviewer enhanced by Basis Kurt. Here, the kids went to fact finding (II RR @ 57). The State also called Mindy Johnson Appellants sister, who seen no inappropriate behavior (II RR @ 128), (II 30). Johnsons wife never had him nor did the children speak of any incidents of molestation ever

## Summary of the Argument

1) Even when viewed in light most favorable to the event, the evidence is insufficient to support a conviction for indecency with a child. There is no sufficient evidence to show the conviction was committed with intent to arouse or gratify.

## Appellants First Point of Error

The evidence is legally insufficient to support a conviction for indecency with a child in each count of the indictment.

## Underlying Facts

Appellant relies on the above summation of the facts. (Above : Below).

## Argument and Authorities

①

## 1. Standard of Review.

When evaluating legal sufficiency of the evidence, a court will review all of the evidence in the light most favorable to the verdict to determine whether any rational injury could have found the essential elements of the offense beyond a reasonable doubt. Brook v. State 323 S. W. 3d 893, 912 (Tex. Crim. App. 2010 [citing Jackson v. Virginia 443 U.S. 307, 319 (1979)). A court should give Deference to the responsibility of the jury to "fairly resolve conflicts in testimony, to weight the evidence and to draw Reasonable inference from basic facts to ultimate facts." Hooper v. State, 214 S.W. 3d 9, 13 (Tex. Crim. App. 2007)(citing Jackson, 443 U.S. at 318-19).

The jury as the trier of fact "is the sole judge of the credibility of the witnesses and the strenght of the evidence." Fuentes v. State 991 S.W. 2d 267, 271 (Tex. Crim. App. 1999), The jury may choose to believe or disbelieve any portion of the testimony, Sharp v. State, 707 S.W. 2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, the court should presume the trier of fact resolved the conflict in favor of the prevailing party, Turro ✳ v. State, 867 S.W. 2d 43, 47 (Tex. Crim. App 1993).

## 2. Indecency With a Child

The offense Of indecency with a child by contact is committed if the defendant engages in sexual with a Child or causes a child to engage in sexual contact with when the child is younger than 17 years Of age. Tex. Penal Code 21.11(a)(1). Sexual contact is defined as Any touching By a person including touching through clothing, of anus Breast or any part of the genitals of A child if committed with the intent to arouse or gratify the Sexual desire of Any Person. Tex. Penal Code 21.11(c).

## 3. The Indictment

a. Count 1 - Pseudonym 120002A ("Avery")
Count 1 of the indictment alleges that with the intent to arouse or gratify the Sexual desire of said defendent, intentionally or Knowingly engaged in sexual Contact with Pseudonym 120002A by touching any part Of The genitals of Psuedonym 120002A, a child younger than 17 Years Of Age, (CR at 8)

b. Count 2 - Pseudonym 120002C (Lala)
Count 2 of the indictment alleges that with the intent to arouse or gratify the sexual desire of said defendent intentionally Or knowingly engaged in sexual contact with Pseudonym 120002C by touching Any part of the genitals of Psedonym 120002C, a child younger than 17 years Old Age (CR at 9)

c. Count 3 - Pseudonym 120002D (Nikki)
Count 3 of the indictment alleges That with The intent To arouse Or gratify the sexual Desire Of Said defendant, intentionally or Knowingly engage in sexual Contact with Pseudonym 120002D Bytouching any part of The genitals of Pseudonym 120002D a child Younger than 17 Years Of Age. (CR at 10)

②

4. The evidence is insufficient to show the contact was committed with The intent to arouse or gratify The sexual desire Of the defendant.

The testimony of a child victim alone is sufficient to support a conviction For indecency with a child. Scott V. State, 202 S.W. 3d 405, 408 (Tex App—Texarkana 2006, pet ref'd. In the Context of indecency with a child, intent to arouse or gratify the sexual desire on Any person can be inferred From the Defendant's conduct, his remarks and all surrounding circumstances. McKenzie V State 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). In The present case there are no surrounding facts or conduct by the defendant by which The Jury could Infer an Intent to arouse/or gratify, on the part of the defendant.

a. Count 1 — Pseudonym 120002A (Avery)

Avery Testified That She entered the room where the appellant and other children were playing Monopoly. She wanted to be placed in the appellants lap because he was Dealing the money and Avery like playing with the fake money. Avery testified that it was at this point that the appellant "touched Her private." (IV RR at 250). Avery also stated this Only lasta Few seconds. (IV RR at 252). She also described the touching as Not lasting very Long. (IV RR at 277-78) When Avery left the appellant did not attempt to get Up and follow her. IV RR at 278. The Touching occured Over the Clothes, IV RR at 279-80.

Avery also Testified that she had met the Appellant 2 or 3 times prior to the date in question and that there was No bad Touching during those times. IV RR at 275. She also Never Saw the Appellant do anything to anyone else. IV RR at 260.

Even looking at the evidence in the Light most favorable to the verdict, there are No surrounding facts or conduct by the defendant by which The jury could infer an intent to arouse or gratify. Avery was in the Appelants lap at Her insistence because She wanted to play with the fake Money. The touching occured over the clothes, The touching was brief, Not Lasting very long. While the testimony of the child is sufficient to support a conviction For indecency with a child, there is insufficient evidence on the record by which a jury could infer the intent to arouse or gratify on the part of the Appellant. Scott at 408.

An oral expression of intent is Not required. Sandejo V. State, 26 S.W. 3d 670, 678 Tex App. —Corpus Christi 2000, pet. ref'd. For the circumstances to be sufficient for a jury to infer the Intent however Courts in other cases point to facts the jury could Use to make Such an inference. In Navarro the court found there was sufficient evidence for the jury to infer where the defendant had on previous Occasions exposed his genitals, put the Victims Hand On His penis and touched Her Breast and pulled down her Shorts. Navarro V. State, 241 S.W. 3d 77, 79 Tex. App. — Houston 1st Dist. 2007. In Shipp the court found there was sufficient evidence for the jury to infer intent Where the defendant asked the victim to Keep the contact a secret, the contact was repeated Many times and the

xxxxxxxx and the victim testified the need to wash his hands. Ship v. State, 2011 WL 3199361 Tex. App.-Texarkana Not designated for publication.

The evidence to support the conviction is insufficient there are No facts in the Present case by which a jury could infer intent to arouse xxxxxxx or gratify. The contact was brief, only happened once dispite Avery being around the appellant on Multiple occasions and occurred over the clothes. The conviction on Count 1 of the indictment should be reversed and a verdict of Not guilty rendered.

b. Count 2- Pseudonym 12C002C (Lala)

Lala testified that she was playing games on the computer and the Appellant was sitting next to her, IV RR at 373. She stated that the Appellant touched her private area with his hand. She further testified that his hand moved but she could Not describe or demonstrate how his hand moved. IV RR at 374. Lala Testified that the touching occurred over the clothes and that it stopped when She got up and Moved to the couch. IV RR at 376. According to her testimony this was the first and only time the appellant touched Lala. IV RR at 384. The Appellant did Not Attempt to take off Lala's clothes and there was No touching on skin. xxxxxxxx IV RR at 388.

Even looking at the evidence in the light most favorable to the verdict there Are No serrounding facts or conduct by the defendant by which the jury could infer an intent to arouse or gratify on the part of the defendant. The touching was brief and Lala could Not even describe how the touching occured. The touching occurred over the clothes. This was the only time touching occurred despite Lala having been around The Appellant on a xx number of occasions during her life. While the testimony of a child is sufficient to support a conviction for indecency with a child like with Avery even if the jury were to entirely believe everything about which Lala Testified there is xxxxxxxx insufficient evidence on xxxxxx the record by which a jury could infer the intent to arouse or gratify on the part of the Appellant. Scott at 403.

The evidence to support the conviction is insufficient because there are No facts in the present case by which a jury could infer intent to arouse or gratify. The contact was brief, only happened once despite Lala being around the Appellant on multiple occasions and the touching occured over the clothes. The conviction on Count 2 of the indictment should be reversed and a verdict of Not Guilty rendered.

c. Count 3- Pseudonym 12002D Nikki

Nikki testified that the Appellant touched her in a place were she wears clothes on- she later clarified by stating it was the place she goes number one. IV RR at 353. Nikki stated that the Appellant's hand was still when this occurred. Nikki could not testify as to whether she was sitting down lying down, or standing up when this occurred. She did state however that her clothes were on when this occurred and the Appellant never touched her skin. IV RR at 358-359.

Even looking at the evidence in the light xx most favorable to the verdict there are no surrounding facts or conduct by the defendant. xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx by which the jury could infer an intent to arouse or gratify on the part

④

Of the defendant. The touching was brief and occured over the clothes. The Appellant's hand "Did Not move" when touching occurred. There is No evidence this happened to Nikki at any other time despite her being around the Appellant a number of times. There is also No Testimony Regarding the location or circumstances around which the touching of Nikki occurred, While the testimony of the child is sufficient to support a conviction for indecency with a child even if the jury were to entirely believe everything about which Nikki Testified there is insufficient evidence on the record by which a jury could infer the intent to arouse or gratify on the part of the Appellant. Scott at 408.

The evidence to support the conviction is insufficient because there are No facts in the present case by which a jury could infer intent to arouse or gratify. The contact was brief, only happened Once despite Nikki being around the Appellant on multiple occasions and the touching occurred over the clothes The conviction on Count 3 of the indictment should be reversed and a verdict of Not Guilty rendered.

## Appellant's Second Point Of Error

The trial Court erred By allowing an expert witness to testify That the child victims' had Not been coached and the appellant suffered substantial harm as a Result of the Error.

## Underlying facts

During the testimony of Shannon May, the forensic interviewer who conducted interviews on all the children Involved in the case The following exchange occurred:

Prosecutor: Is there anything else significant about the interviews and the way the children answered the questions?

Witness: Specifically for this case?

Prosecutor: Yes

Witness: I just—I Know that there were some—that they were very childlike in their answers. There was nothing that they stated that would make me, based on my experience think that there was any coaching or—

Defense Counsel: Object, Judge. Again bolstering. I mean she's testifying as to whether or not the kids Have been coached. She has no basis to make that Assertion. And It does nothing again but to bolster the credibility of the witness. I Object

Prosecutor: Your Honor if You want to instruct the jury to disregard, I have No problem with that. But I disagree that it's bolstering, We're talking about how they answered questions.

Defense Counsel: She's still giving her opinion on whether or not They have been coached.

Prosecutor: And She's—she's an expert, Your Honor.

Defense Counsel: It Goes to the—

The Court: Well your objection as to giving the opinion as to whether or not they have been coached is overruled. The bolstering Objection is overruled as Well.

I V RR at 65-66

# Argument And Authorities

1. Standard of Review

A witness May offer an expert opinion, if the witness is qualified to do so by Knowledge, skill, experience, training or education and the witness possesses scientific, technical or other specialized Knowledge that will assist, the trier of fact in issue. TEX.R.EVID.702 A trail court's Decision as to whether to allow expert opinion should be reviewed Under an abuse of discretion standard. Gallo v. State, 239 S.W.3d 757 765, Tex. Crim. App. 2007

2. Testimony regarding the truthfulness of a witness inadmissible

A witnesses Testimony is admissable as a expert only if it will assist the trier of fact To understand the evidence or to determine a fact issue. TEX.R.EVID.702. However a witnesses direct opinion on the truthfulness of a child does not assist the jury in determing whether the child's allegations are in fact true, rather it impermissibly decides the issue for the Jury. Yount v. State, 872. S.W.2d. 706, 709 Tex. Crim. App. 1993 emphasis original. An expert witnesses, bare opinion testimony that he believes, Or believed a child complainants Testimony To be true is excludable. See Tex. R. EVID. 702, Yount 872 S.W.2d at 708.

An expert may Testify to behavioral markers that accompany an account of an /assault that is manipulated or the result of fantasy, but the expert may not testify that a person allegations are the results of manipulation or fantasy. Schutz v. State, 957 S.W. 2d 52, 69-70 Tex. Crim. App. 1997 Likewise an expert may testify about the signs of coaching, coercion, or suggestion. Id. at 69, But it is Not permissable for the expert to testify that those signs are present in the case being considered by the jury. Id. The trial court erred in admitting the expert opinion testimony.

3. The error was harmful

This type of error is nonconstitutional and therefore the court should review the entire record to see if Appellant substantial rights are harmed. Tex. R. App. P. 44.2b; Tex. R. EVID. 103a; Sexton v. State, 93 S.W.3d 96 101 Tex. Crim. App. 2002. Substantial rights are not affected by the erroneous admission of evidence of the appellate court after examining the record as a whole has fair assurance that error did not influence the jury or had a slight effect. Motilla v. State, 78 S.W.3d 352 Tex. Crim. App. 2002. In assessing the likelihood that the jury's decision was adversely affected by the error the appellant court should consider everything in the record including any Testimony or physical evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. Id. While there Was some evidence of the appellant guilt the evidence was Not overwhelming. The evidence consisted exclusively of the testimony of each of the alleged victims. The victims were often inconsistent and unable to provide much detail as to the allegations. There was No physical evidence. Because of the nature of the case there were no medical exams conducted and no DNA evidence available. The conviction in this case would have necessarily had to rely entirely on the credibility of the child victims.

Additionally the defensive strategy focused heavily on the testimony of the child victims. Defense counsel crossed-examined the States experts Dr. Sabine regarding a parents influence over a child. V RR at 44. He further went on to discuss with Sabine children's desire to please their parents. V RR at 45. Defense Counsel also discussed with Sabine how the manner in which a child is questioned can influence their answers and how parents are not trained to properly ask such questions. IV RR at 45-46.

Further demonstrating the defense strategy, defense Counsel spent a significant amount of his closing argument discussing whether the children's testimony had been manipulated or influenced by discussion with the other children or with their parents. Counsel argued that the children had the opportunity to speak to each other and that there was likely mixing of stories. IV RR at 193. IV RR at 194, When speaking about Avery defense counsel argued that she had memory issues and a fuzzy memory about the events. IV RR at 196. When discussing Lala in his closing argument defense Counsel argued that she had not seen the event so she must have heard about it from someone. Counsel pointed out that they had talked about the evening the Next Day. IV RR at 201-202. Defense counsel discussed the likelihood of cross-talking and cross-contamination of memory. He also pointed out that Lala mom had talked to Lala in her sisters presence and that her mother did not have the training on how to ask the questions of the Victim. IV RR at 202.

In the context of the experts testimony the inadmissible statements were significantly emphasized. The prosecutor ask a question about the manner in which the children answered the questions. The expert clarified the question by making sure the prosecutor was asking about the instant case. When the prosecutor told the expert she was asking about this case the expert gave the opion that the children Had not been coached IV RR at 65-66. This testimony was further emphasized when another Expert was allowed to comment on May's assertion that the children had not been coached. Dr. David Sabine after reviewing the forensic interviews stated he didn't see anything to indicate to him that anyone had suggested fact to the children. V RR at 51-52. This supports Mays inadmissible opinion that the children had Not been coached.

Considering everything on the Record, including testimony and physical evidence the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, defense theories and closing Arguments, it is clear the inadmissible testimony influenced the jury and the appellant's substanial rights were harmed. Id. The testimony of the children was the only evidence by which a conviction could have been gained. The credibility of the children was therefore the main issue at trail. Attacking their credibility was clearly a significant defense strategy. Also the error was heavily emphasized during the expert testimony.

The Trial court erred allowing the expert to testify regarding her Belief that the children had been coached. The Appellant's rights were substanially harmed. The judgement of the trail court should be reversed and remanded for a new trail.



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00482-CR

KURLEY JAMES JOHNSON                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 53,445-C

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kurley James Johnson was charged by indictment with three counts of indecency with a child by contact. Each count alleged an offense against a different complainant. Appellant pled not guilty to each count. The jury found him guilty on each count and, as to each count, assessed punishment at imprisonment for life. The trial court sentenced him accordingly and ordered the

----------

[1]See Tex. R. App. P. 47.4.

three life sentences to be served consecutively. Appellant brings two points on appeal, arguing that the evidence is insufficient to support each of his three convictions for indecency with a child and that the trial court reversibly erred by allowing an expert witness to testify that the complainants had not been coached. Because the evidence is sufficient to support the jury's verdict and because the trial court committed no reversible error, we affirm the trial court's judgment.

**Brief Summary of Facts**

The complainants are referred to by pseudonyms: Count 1—Pseudonym 120002A ("Avery"), Count 2—Pseudonym 120002C ("Lala"), and Count 3—Pseudonym 120002D ("Nikki").

On December 24, 2011, Appellant was at the home of his relative M.J. M.J.'s daughters Lala and Nikki were there with their friends Avery and Avery's sister, CC. Later that same day, Avery made an outcry to her mother, who told M.J. Avery, Lala, and Nikki (collectively "Complainants") said that Appellant had placed his hand on their genitals over their clothes. M.J. and his son were also in the house when those acts occurred.

About a week later, Complainants' mothers filed a police report listing Appellant as a suspect for indecency with a child by sexual contact. Officers took the reports, filled out a pseudonym sheet for each complainant, and forwarded the information to the Criminal Investigative Division ("CID"). Following CID procedure, the CID did not personally interview the children involved in the report but instead went to Patsy's House—a child advocacy center—which has forensic

2

interviewers trained to speak with children in these cases. Complainants were interviewed by Shannon May, a forensic interviewer for Patsy's House.

At trial, Avery testified that Appellant picked her up, placed her on his lap, and rubbed his hand over her genital area for "[a] few seconds" while they played a game of Monopoly. Appellant stopped when Avery asked to use the bathroom. Lala testified that on the same day, Appellant touched her "private area" as she was playing a computer game in the living room. She testified that he moved his hand while he touched her but said that she was too embarrassed to explain how he moved it. Lala said that Appellant stopped when she moved to another couch. Although Nikki was unable to testify whether she was lying down, standing up, or sitting down when the incident occurred, she also testified that Appellant placed his hand on her genitals over her clothes, but she said that he kept his hand still.

May also testified at trial. May had completed training in conducting forensic interviews with children who had allegedly been sexually molested. She had also completed a five-block training course through the State of Texas and additional national forensic interview training.

At trial, May explained that her interview process was a semi-structured narrative process; some parts of the interviews were therefore the same with all the children. She testified,

> I want to make sure that they understand the difference in truth and lie. I want to make sure that they're kind of developmentally on target so I'm asking questions that they understand. And then I'm

3

just trying to ask them in a way that's free narrative, so from their own recall, they can put words to their own story.

All four children were interviewed, but CC did not describe a completed offense of indecency with a child during May's interview.

The State asked May if there was "anything else significant about the interviews and the way the children answered their questions." May testified that "[t]here was nothing that [the children] stated that would make [her], based on [her] experience, think that there was any coaching." Appellant objected to May's statement, asserting that the statement was intended to "bolster the credibility of the witness." The trial court overruled Appellant's objection.

## Sufficiency of the Evidence

In his first point, Appellant argues that the evidence of intent to arouse or gratify is insufficient to support the jury's verdict. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[3]

---

[2] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

[3] *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170.

4

The trier of fact is the sole judge of the weight and credibility of the evidence.[4] Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.[5] Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict.[6] We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.[7]

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor.[8] In determining the sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the

---

[4]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Dobbs*, 434 S.W.3d at 170.

[5]*Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

[6]*Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *see* *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

[7]*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Dobbs*, 434 S.W.3d at 170.

[8]*Dobbs*, 434 S.W.3d at 170; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution."[9]

Section 21.11 of the penal code provides in pertinent part,

(a)    A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:

> (1)    engages in sexual contact with the child or causes the child to engage in sexual contact . . . .

. . . .

(c)    In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

> (1)    any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child . . . [10]

It is well established that intent may be inferred from an accused's behavior and words as well as from the surrounding circumstances.[11]  Avery, who was eleven, testified that she went into the kitchen to the table where Appellant and the other children were playing Monopoly.  Appellant put her in his lap, put his hand "at" her "front private" over her clothes, and moved his hand up and down. Avery did not testify that any adult other than Appellant was in the room.  There is

---

[9]*Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

[10]Tex. Penal Code Ann. §21.11(a)(1) (West 2011).

[11]*McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981); *Bazanes v. State*, 310 S.W.3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd); *see Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).

no evidence that Appellant said anything significant to the determination of intent, but he stopped only when Avery got up and walked away. Lala testified that he did essentially the same thing to her on that same day and stopped when she moved away from him. Although Nikki was unable to provide detail, she testified that Appellant touched her genitals through her clothing with his hand.

Avery's sister CC testified that Appellant rubbed her right hip and that when Avery was sitting in his lap, although CC could not see his hand moving, she saw his left shoulder moving.

Thus, the evidence shows that Appellant touched and rubbed the genitals of two of the complainants and touched the genitals of the third complainant. He rubbed the hip of a fourth girl, who testified that she saw his arm moving while Avery was sitting in Appellant's lap. The evidence that Appellant engaged in sexual contact with each of the three girls on the same day suggests that the contact was not accidental or inadvertent. Nothing in the context of the fondling suggests that a nonsexual explanation for the contact exists. Additionally, the testimony suggests that Appellant was trying to hide his actions by engaging in the touching below the level of the table or when the respective child was alone. Considering the record as a whole, and employing the appropriate standard of review, we hold that the evidence is sufficient to support the jury's determination that Appellant fondled each of the three girls with intent to arouse or gratify his sexual desire. We overrule Appellant's first issue.

7

**Opinion Testimony of Interviewer**

In his second point, Appellant argues that the trial court reversibly erred by allowing May to testify that she saw no evidence of coaching when she interviewed the children because the opinion constituted improper bolstering of the children's testimony. Technically, May did not testify that in her opinion they had not been coached. Rather, she testified that "[t]here was nothing that the[ children] stated that would make [her], based on [her] experience, think that there was any coaching." That is, she said that she saw no evidence of coaching, which is permissible.[12] We see no expression of May's opinion of the truthfulness of the children.[13] We therefore hold that the trial court did not abuse its discretion by admitting May's testimony. But even if, as Appellant argues, May's objected-to testimony was an expression of her opinion of the truthfulness of the children, and therefore inadmissible,[14] a conclusion we do not reach, Appellant suffered no harm.[15] Trial counsel's skillful cross-examination of May revealed that, although she did not suspect coaching, she could not know for a certainty, or even a

---

[12]*See Schutz v. State*, 957 S.W.2d 52, 70, 73 (Tex. Crim. App. 1997); *Cantu v. State*, 366 S.W.3d 771, 777 (Tex. App.—Amarillo 2012, no pet.).

[13]*See Schutz*, 957 S.W.2d at 73; *Cantu*, 366 S.W.3d at 777.

[14]*See Yount v. State*, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993).

[15]*See* Tex. R. App. P. 44.2(b).

8

probability, that the children's testimony had not been influenced. We overrule Appellant's second point.

**Conclusion**

Having overruled Appellant's two points, we affirm the trial court's judgments.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 16, 2015

Curley Johnson 1388246
James V Allred Unit
2101 FM 369 N
Iowa Park, Tx. 76367
PDR

Court Of District Of Appeals
Second
For Worth
Court Of Criminal Appeals
P.O. Box 12308
Austin Tx. 78711

